## In re Jaspan

Before Stearne, Bolger, and Ladner, JJ.

*Frederic L. Ballard,* for petitioner.

*Thomas D. McBride* and *Thomas Boylan,* for respondent.

PER CURIAM, May 1, 1939.—Mathews E. Jaspan, a member of the Philadelphia Bar, is cited by the Committee of Censors of the Philadelphia Bar Association to show cause why he should not be disciplined for conduct unbecoming an attorney. Respondent filed an answer. Testimony was taken before the committee on February 11, 1938. A hearing was held by this court on April 19, 1939.

Respondent admitted that he had committed perjury before an auditing judge on May 5 and May 17, 1937. At the first hearing he told a deliberate untruth. His testimony at the second hearing was likewise false, designed and intended to deceive the court.

The facts may be summarized as follows: Respondent received a fee from the executor of the estate of Victor Fermani, deceased (O. C. no. 666 of 1935). Certain parties interested in the estate objected to the size of the fee. The auditing judge was obliged to inquire into the extent and value of respondent's services. In the course of the inquiry respondent was asked, upon cross-examination, if he had received any other fees, from any other source, during the settlement of the estate. He swore that he had not.

It developed that among the assets of the estate was a note for $10,300. This note was placed in the hands of a New Jersey lawyer for collection. The note was collected. The New Jersey correspondent was paid a collection fee of $770.18. Respondent received $385.09 (one half thereof) as his share. The fee of the correspondent attorney was paid in several instalments. On each occasion respondent received 50 percent of the amount remitted. Respondent in each instance gave the correspondent attorney written receipts for his share of the fee, and this fact was so indicated on the face of the receipts.

In the course of respondent's sworn testimony before the auditing judge he stated that he had received none of this fee. Such a statement was wholly untrue and was a deliberate falsehood designed to deceive and mislead the court.

The hearing before the auditing judge was adjourned from May 5, 1937, to May 17, 1937, when respondent again appeared upon the witness stand. Respondent testified that he "had received some money" from the New Jersey counsel but that "this was solely in the form of a gift". Respondent sought to have the auditing judge believe that the motive which occasioned his retraction of his former false testimony was because of respondent's troubled conscience, and upon the advice of a fellow-member of the bar in whom he had confided. However, the record reveals that respondent's voluntary action may have been, and probably was, engendered by a statement of opposing counsel that such counsel had advised respondent that counsel had discovered the true facts. However, any question concerning the motive of respondent's retraction of his perjured testimony becomes unimportant. Before the committee respondent frankly admitted that he had fabricated the story that he regarded the division of the fee as a *gift*, and that such statement was merely "a subterfuge".

Consequently, this is not the case of a penitent wrongdoer who regretted his error, subsequently made a complete retraction, and told the whole truth. On the contrary, respondent testified falsely. He thereafter came before the court and again perjured himself. He attempted to overcome and explain his previous false testimony by resorting to a most transparent subterfuge.

The learned counsel for respondent concedes that respondent's conduct warrants discipline, but earnestly and eloquently pleads for leniency.

We cannot condone the fact that respondent committed wilful and deliberate perjury on two occasions, with intent to deceive the court. He also thereby violated his oath as an attorney concerning fidelity to the court.

In the settlement of the will contest, preceding the audit of the fiduciary's account, respondent received a fee of approximately $7,000, concerning which there is no ques-

tion. After the litigation was ended, and the will was probated, respondent subsequently came to represent the executor. He obtained a fee of $4,500 from the fiduciary. As a lawyer he well knew that any such fee was subject to review by the court. The auditing judge decided that the fee was extortionate. He reduced the amount to $750. Respondent's client was surcharged with the excess, or $3,750. The client did not pay and was thereby subjected to possible attachment and imprisonment. Respondent was unable to refund the amount of the surcharge. It remains unpaid. Respondent is attempting to repay in instalments of $15 per week, but it is extremely doubtful if it ever can be fully refunded.

Obviously, respondent, in falsely testifying and attempting to deceive the court, was not so much concerned with the ethics of his conduct as he was in weighing the pecuniary advantages to himself.

A reading of the evidence discloses the extraordinarily distorted mental attitude of respondent toward the New Jersey lawyer who obviously told the exact truth, and verified his evidence by producing written receipts signed by respondent.

After careful consideration, we have reached the conclusion that respondent, by his wrongful conduct, has demonstrated his unfitness as an honorable and trustworthy member of the bar. He has forfeited his right to continue in the practice of law. The court is unanimously of opinion that respondent should be disbarred. We therefore make the following

### Decree

And now, to wit, May 1, 1939, it is ordered and decreed that said respondent, Mathews E. Jaspan, be, and is hereby disbarred from practicing at the bar of the orphans' court, the court of common pleas, and the Municipal Court of the County of Philadelphia, and that his name be stricken from the roll of attorneys.

Notice of this order to be given by the clerk of the orphans' court to the Supreme and Superior Courts of Pennsylvania, the several courts of common pleas, and the Municipal Court of the City and County of Philadelphia.